IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSTON YATES RUSSELL                                                                                    PLAINTIFF

v.                                             Civil No. 4:23-cv-04032

ANDY WINDHAM; TRAE BAKER;
LIEUTENANT KAREN GHORMLEY;
CASSANDRA CASTILLO; DARRELL ELKIN;
HEATHER S. LEDBETTER; and TODD LOE                                                         DEFENDANTS

**ORDER**

Plaintiff, Ruston Yates Russell, originally submitted this 42 U.S.C. § 1983 action *pro se*, on March 8, 2023, in the Eastern District of Arkansas. (ECF No. 1). The case was transferred to this District on the same day along with his Complaint and Application to proceed *in forma pauperis* ("IFP Application"). (ECF Nos. 2, 3). The Court granted Plaintiff's IFP Application on March 9, 2023. (ECF No. 5). Currently before the Court is Plaintiff's failure to comply with orders of the Court and prosecute this matter.

In the Court's March 9, 2023 Order, Plaintiff was directed to immediately inform the Court of any address changes. Specifically, the Court provided Plaintiff thirty (30) days to inform the Court after any transfer or release. The Court also advised Plaintiff that failure to keep the Court informed of his address would subject this matter to dismissal. (ECF No. 5).

On March 21, 2023, the Court received the Order granting Plaintiff's IFP Application returned as undeliverable mail. The Clerk of Court changed Plaintiff's mailing address to Little River County Jail ("LRCJ") and resent the mail. (ECF No. 9). The mail sent to Plaintiff at LRCJ was not returned as undeliverable. However, on June 20, 2023, the Court received a Service Order sent to Plaintiff at LRCJ returned as undeliverable. There was no new address available. (ECF No. 20).

On June 26, 2023, Defendants filed a Motion to Dismiss. (ECF No. 23). The Court directed

Plaintiff to respond to this Motion by July 31, 2022. (ECF No. 25). This Order was returned as undeliverable mail. (ECF No. 26).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and Defendant's Motion to Dismiss (ECF No. 23) shall be terminated as **MOOT**.

**IT IS SO ORDERED**, this 15th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge